**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOUIS SEAN BODWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:19-cv-02965-HEA |
| STAN PAYNE, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On May 7, 2020, the Court directed plaintiff Louis Sean Bodway to file an amended complaint within thirty days. (Docket No. 6). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on October 31, 2019. (Docket No. 1). At the time relevant to the complaint, he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Plaintiff's complaint named the following defendants: Warden Stan Payne; Dr. Karen Duberstein; Sergeant John Doe; Correctional Officer Jane Doe; CCW II Jason Pullium; Nurse Practitioner Jane Doe; Dr. Ruanne Stamps; and Deputy Division Director Cindy Griffith. Defendants were sued in both their official and individual capacities.

According to the complaint, plaintiff was assaulted by another inmate while at the ERDCC, resulting in a broken hand. Despite being the one attacked, plaintiff stated that he was placed into administrative segregation to cover up the prison's "negligence." He further claimed that he did

not receive proper care or treatment for his injured hand, amounting to deliberate indifference to his medical needs. As a result, he sought monetary damages.

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. On May 7, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 6). In the order, the Court noted that there were deficiencies in the complaint that made it subject to dismissal. Specifically, the Court explained that plaintiff's allegations failed to state a claim upon which relief could be granted. The Court directed plaintiff to file an amended complaint, and included instructions on how to do so. The Court also directed the Clerk of Court to send to plaintiff a copy of the Court's civil rights complaint form in order to aid his compliance. Plaintiff was given thirty days in which to file an amended complaint.

## Discussion

As noted above, on May 7, 2020, the Court ordered plaintiff to submit an amended complaint within thirty days. At that time, the Court advised plaintiff that failure to comply would result in the dismissal of his case without prejudice and without further notice. The amended complaint was due on June 7, 2020. That deadline has passed, and the Court has not received an amended complaint. Furthermore, plaintiff has not filed a motion with the Court requesting an extension of time. Indeed, even though the Court has given plaintiff significantly more than thirty days in which to take some action, there have been no further filings whatsoever.

Under Rule 41(b), a case may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of May 7, 2020, or filed any

type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of May 7, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE